IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

COMMOLOCO, INC.,

    Plaintiff,

    v.

MIGDALIA RIVERA-POLANCO, et al.,

    Defendants.

Civil No. 10-1613 (GAG)

### ORDER

Plaintiff, CommoLoCo, Inc., brought this action against Defendants, Migdalia Rivera-Polanco ("Rivera"), Wenceslao Olivera, Miriam Muñoz-López, the Olivera—Muñoz-López marital community, and Westernbank de Puerto Rico ("Westernbank"), in the Puerto Rico Court of First Instance, alleging violation of Puerto Rico tort law. (See Docket No. 25-1.) As successor to Westernbank's interests, the Federal Deposit Insurance Corporation ("FDIC") removed the case to this court. (See Docket No. 1.) FDIC moves to dismiss for lack of subject-matter jurisdiction (see Docket No. 23), and Plaintiff opposes (see Docket No. 28).

**I.**   **Legal Standard**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts have limited jurisdiction, the court never presumes jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citing Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).

A defendant may challenge the court's subject-matter jurisdiction in either of two ways: a facial attack on the sufficiency of the plaintiff's jurisdictionally-relevant pleadings in the complaint, or a factual challenge. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007).

**Civil No. 10-1613 (GAG)**                                                 2

A factual challenge involves a two-step inquiry. Id. "First, the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action." Id. at 163. If the jurisdictional issue is intertwined with the merits of the plaintiff's case, the court must adopt the summary-judgment standard, such that the court would only dismiss if the material jurisdictional facts are beyond dispute and the defendant is entitled to dismissal as a matter of law. Id. Second, if the jurisdictional issue is not so intertwined, the court may simply weigh the evidence at hand to determine its competence to hear the case. Id.

## II.    Relevant Factual and Procedural Background

Plaintiff commenced the instant action on June 13, 2002, in the Puerto Rico Court of First Instance, alleging tortious interference with contract and breach of fiduciary duties. (See Docket No. 25-1 at 1.) On August 31, 2007, the Commonwealth court appointed a special master to recommend a disposition in the case. (See id. at 1-2.) On March 15, 2010, the special master submitted a report recommending that the court render judgment in favor of Plaintiff. (See Docket No. 25-1 at 55.) The special master found grounds to hold Westernbank and Rivera solidarily liable in the amount of $2,700,000. (See id.) The Commonwealth court adopted this recommendation on May 14, 2010, and rendered judgment accordingly. (See Docket No. 25-2.)

During the pendency of the case, on April 30, 2010, FDIC took control of Westernbank due to bank failure and became its receiver. (See Docket No. 1-2.) FDIC issued a "Receivership Certificate of Proof of Claim" to Plaintiff, recognizing a claim in the amount of $4,106,072.11 against Westernbank's assets. (See Docket No. 25-4.) Plaintiff has exhausted its administrative remedies under the relevant federal statutes. (See Docket Nos. 24 at 7; 25; 28.)

On July 6, 2010, FDIC removed this case to the federal district court citing a federal issue under 12 U.S.C. § 1819(b)(2). (See Docket No. 1.) FDIC then moved to dismiss Plaintiff's case against Westernbank for lack of federal subject-matter jurisdiction. (See Docket No. 23.) Plaintiff opposes the motion. (See Docket No. 28.)

## III.   Discussion

FDIC argues that this court lacks the competence to hear Plaintiff's case against Westernbank

**Civil No. 10-1613 (GAG)**                              3

because of mootness. (See Docket No. 24.) Plaintiff contends that the court should not dismiss its case against Rivera in the same breath because federal law does not preempt Puerto Rico law on solidary liability in tort. (See Docket No. 28.)

Pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), after FDIC assumes receivership of a failed banking institution, FDIC must assess all claims filed against said bank, and then inform the claimants whether FDIC will allow their claims. 12 U.S.C. § 1821(d)(5). If FDIC allows a claim, such claim is paid subject to "the receiver's discretion and to the extent funds are available," in accordance with a statutory priority scheme. Id. § 1821(d)(10)–(11). This scheme for distribution to claimants supercedes state law only to the extent that such state law is inconsistent with said scheme. Id. § 1821(d)(11)(B)(i). FIRREA also forbids judicial review of claims pertaining to the failed bank's assets and FDIC's performance as receiver, except as permitted under the statute. Id. § 1821(d)(13)(D).

Plaintiff initiated this case in the Commonwealth court before FDIC became successor to Westernbank. Although that court issued its judgment after FDIC became receiver of said bank, FDIC allowed Plaintiff's claim against Westernbank and issued a Certificate of Proof of Claim. (See Docket No. 25-4.) The certificate effectively supplants Plaintiff's judgment with respect to Westernbank, because FIRREA's distribution scheme preempts Plaintiff's rights against the bank under Puerto Rico law. See 12 U.S.C. § 1821(d)(11)(B)(i); see also id. § 1821(d)(13)(C) (forbidding execution of judgment against assets of failed bank). Accordingly, Plaintiff's case against FDIC has become moot, thereby depriving this court of jurisdiction over the controversy between these two parties. See ConnectU LLC v. Zuckerberg, 522 F.3d 82, 88 (1st Cir. 2008).

However, payment on Plaintiff's claim is subject to FDIC's discretion and availability of funds. See id. § 1821(d)(10)–(11). There is no guarantee that FDIC will satisfy Plaintiff's judicial award in full. In the event that Plaintiff does not recover fully from FDIC, Plaintiff must pursue Rivera for the balance of its tort judgment.

Under Puerto Rico law, tort liability is a form of personal obligation. P.R. Laws Ann. tit. 31,

**Civil No. 10-1613 (GAG)**                              4

§ 2996 (2009). The civil law provides for solidary liability, such that several co-defendants are each responsible for the same obligation to its full extent. See id. § 3101. Solidary liability must be expressly determined. Id. Where a solidarily liable defendant is unable to pay the obligation due to insolvency, the plaintiff may seek payment from co-defendants in proportion to their respective share of the debt. Id. § 3109. While payment by any solidarily liable co-defendant would extinguish the obligation, id., "[a] debt shall not be considered as paid until the full amount . . . has been delivered," id. § 3161.

According to the Commonwealth decision, Rivera is solidarily liable in tort with Westernbank to Plaintiff. (See Docket No. 25-1 at 55.) Although Plaintiff's recovery against Rivera is contingent upon any deficiency in FDIC's ultimate distribution to Plaintiff as a claimant, Plaintiff's claim against Rivera cannot affect FDIC's distribution of Westernbank's assets. Thus, FIRREA does not preempt Plaintiff's right to execute its judgment against Rivera for solidary liability. See 12 U.S.C. § 1821(d)(11)(B)(i).

However, apart from Plaintiff's right to execute its judgment against Rivera, there is no remaining case or controversy between Plaintiff and Defendants Rivera, Olivera, Muñoz-López, and the Olivera—Muñoz-López marital community. Furthermore, Plaintiff's pursuit of Rivera for any shortfall in payment remains speculative at this juncture. Accordingly, the court shall close this case without prejudice to Plaintiff's motion for execution of judgment against Rivera should FDIC's distribution fail to satisfy its Commonwealth judgment in full. See ConnectU LLC, 522 F.3d at 88 (noting requirement for live case or controversy to maintain a lawsuit).

**IV.   Conclusion**

In view of the foregoing, the court hereby **GRANTS** FDIC's motion to dismiss (Docket No. 23). The court **DISMISSES with prejudice** Plaintiff's case against FDIC, Olivera, Muñoz-López, and the Olivera—Muñoz-López marital community. Plaintiff may move in this case for execution of judgment against Rivera at an appropriate time in the future.

**Civil No. 10-1613 (GAG)**                    5

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of October, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge